■ PERCY C. CROCE et al., Respondents, v. DIMITRIOS N. ALICAKOS et al., Appellants.— In an action (1) by plaintiff Croce against defendants Alicakos for brokerage commissions, (2) by plaintiff Atkins against defendant Dimitrios Alicakos for specific performance of the sale of a florist business and (3) by Atkins against defendants Levy and Hassett for retransfer of the florist business and for an accounting, (a) defendants appeal from so much of an order of the Supreme Court, Kings County, dated November 22, 1972, as, on plaintiffs' motion to dismiss defendants' counterclaims, *inter alia,* for failure to state a cause of action, *sua sponte* struck defendants' defenses of *res judicata,* collateral estoppel and election of remedies, and (b) defendants Alicakos further appeal from so much of the order as denied their cross motion to dismiss the amended complaint. Order reversed insofar as appealed from, thus striking therefrom all the decretal paragraphs save the fourth (which denied plaintiffs' motion "in all other respects"), without costs, and cross applications of defendants to dismiss the amended complaint insofar as it is asserted by plaintiff Atkins granted. Plaintiff Atkins states as a claim against defendant Dimitrios N. Alicakos that Atkins is entitled to specific performance of a purported agreement under which Alicakos was to sell him a florist business for $30,000. The record contains no writing of any sort to support the claim that such an agreement was made. Defendants' cross applications to dismiss that claim on the ground that it is barred by the Statute of Frauds should, therefore, have been granted. · Having stated a claim for specific performance, Atkins then states that he is entitled to have defendants Levy and Hassett, purchasers of the real property in which the florist business is operated, retransfer the business to Dimitrios N. Alicakos so that it may be available for Atkins' cause of action against Alicakos; and, in addition, that he, Atkins, is entitled to an accounting

of profits of the florist business from Levy and Hassett. Since Atkins fails to state a valid claim for specific performance against Dimitrios Alicakos on which the court may grant relief, Atkins' claims against defendants Levy and Hassett must also fail. With respect to the paragraphs of the order that struck defendants' affirmative defenses of collateral estoppel, *res judicata* and election of remedies, plaintiffs' motion was not addressed to such relief. While a court's power to search the record under a motion to dismiss a cause of action (counterclaim) is so broad as to include treating such a motion as one for summary judgment (CPLR 3211, subd. [c]), where summary judgment is not granted and the moving party has not asked that defenses be struck (CPLR 3211, subd. [b]), the court should not proceed *sua sponte* to grant such unrequested relief, absent notice to the defendants. We note, however, that the defenses here in question, under proper procedure, are vulnerable on the facts at bar. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.